**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 17-cv-01372
CHRISTINA PUGLISI,

                              Plaintiff,

                                                           **COMPLAINT**

        -against-


CROWN ASSET MANAGEMENT, LLC and
P&B CAPITAL GROUP, LLC,

                              Defendants.
------------------------------------------------------------------------X

      Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendants and in support thereof alleges the following:

INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2. Further, this is an action for damages and injunctive relief brought by an individual consumer against defendants pursuant to New York General Business Law ("NYGBL") § 349 regarding defendants' deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendants to owe a financial obligation.

7. The financial obligation which defendants sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendants sought to collect from plaintiff was originally incurred, if at all, to Synchrony Bank for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant Crown Asset Management, LLC ("Crown Asset") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. Crown Asset purchases debts which are already in default.

11. Crown Asset purchases consumer debts which are already in default.

12. Crown Asset purchases consumer debts which are already in default and which were originally owed or due or alleged to be originally owed or due to others.

13. Crown Asset purchases such defaulted consumer debts for the purpose of collection.

14. Crown Asset collects or attempts to collect the defaulted consumer debts it purchases.

15. The principal purpose of Crown Asset's business is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

16. Crown Asset uses the mail in its business the principal purpose of which is the purchase for collection and the collection of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

17. Crown Asset regularly purchases for the purpose of collection such defaulted consumer debts.

18. Crown Asset regularly collects or attempts to collect such defaulted consumer debts, either itself or through others.

19. Crown Asset regularly uses the mail to collect or attempt to collect defaulted consumer debts which were originally owed or due or alleged to be originally owed or due to others.

20. Upon information and belief, Crown Asset is a foreign limited liability company formed under the laws of the State of Georgia.

21. Defendant P&B Capital Group, LLC ("P&B Capital") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

22. P&B Capital uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

23. The principal purpose of P&B Capital's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

24. P&B Capital regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

25. Upon information and belief, P&B Capital is a domestic limited liability company.

26. Plaintiff's alleged debt was acquired by Crown Asset for the purpose of collection.

27. At the time plaintiff's debt was acquired by Crown Asset said debt was already in default.

28. Crown Asset placed the debt with P&B Capital for the purpose of collection.

29. P&B Capital attempted to collect the debt from plaintiff on behalf of Crown Asset.

30. At the time P&B Capital attempted to collect the debt from plaintiff said debt was already in default.

31. Crown Asset exercised control and had the right to exercise control over the activities of P&B Capital in its collection of Crown Asset's debts.

32. P&B Capital was an agent for Crown Asset in its collection of Crown Asset's debts.

## FACTUAL ALLEGATIONS

33. Plaintiff re-alleges paragraphs 1-32 as if fully re-stated herein.

34. Crown Asset placed plaintiff's debt with P&B Capital for the purpose of collection.

35. Thereafter, P&B Capital sent a collection letter to plaintiff dated March 1, 2017.

36. P&B Capital sent the letter on behalf of Crown Asset.

37. By the letter, P&B Capital was attempting to collect the debt for Crown Asset.

38. In the caption, the letter stated the "current balance" of the debt.

39. The letter further stated, in pertinent part:

"Please be advised the above information shows your current balance and what you have paid total as of the above referenced date. Also note, depending on the laws that govern your state and the programs that you may qualify for, you may or may not have interest charges applied to this account. Therefore, what you have paid to date total, may not reflect the exact funds amount subtracted from your balance."

40. P&B Capital sent the letter to plaintiff at her attorney's address.

41. Plaintiff was the addressee on the letter.

42. The letter's salutation was addressed to plaintiff.

43. The body of the letter addressed plaintiff.

44. Following receipt of the letter, plaintiff's attorneys provided same to plaintiff.

45. Upon receipt of the letter plaintiff felt confused and perplexed and did not know whether interest was accruing on the debt.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>Improper statement that "you may or may not have interest charges applied to this account"</u>

15 U.S.C. § 1692e

46. Plaintiff re-alleges paragraphs 1-45 as if fully re-stated herein.

47. P&B Capital's collection letter to plaintiff stated, in pertinent part:

"Please be advised the above information shows your current balance and what you have paid total as of the above referenced date. Also note, depending on the laws that govern your state and the programs that you may qualify for, you may or may not have interest charges applied to this account. Therefore, what you have paid to date total, may not reflect the exact funds amount subtracted from your balance."

48. In the letter, P&B Capital stated that "you may or may not have interest charges applied to this account."

49. Said statement leaves plaintiff unsure as to whether interest was accruing on her account.

50. Said statement leaves the least sophisticated consumer unsure as to whether interest was accruing on her account.

51. In the letter, P&B Capital stated that interest may be accruing on the account.

52. In the letter, P&B Capital also stated that interest may not be accruing on the account.

53. Upon reading the letter, neither plaintiff nor the least sophisticated consumer would know whether interest was accruing on the account.

54. Whether interest was accruing on the account would be a fact that would influence plaintiff's response to the collection attempt.

55. Whether interest was accruing on the account would affect plaintiff's decision as to whether and how quickly to pay the debt.

56. Whether interest was accruing on the account would be a fact that would influence the least sophisticated consumer's response to the collection attempt.

57. Whether interest was accruing on the account would affect the least sophisticated consumer's decision as to whether and how quickly to pay the debt.

58. P&B Capital's statement that "you may or may not have interest charges applied to this account" leaves plaintiff and the least sophisticated consumer uncertain as to an important issue concerning the debt, that is, whether interest is accruing.

59. P&B Capital's statement that "you may or may not have interest charges applied to this account" is therefore a violation of the FDCPA, § 1692e and is a deceptive and misleading representation used by defendants in their attempt to collect the debt.

60. Crown Asset is vicariously liable for the violations of P&B Capital alleged herein.

61. Both defendants are jointly and severally liable to plaintiff for the violations alleged herein.

62. Communications from debt collectors, such as that which P&B Capital sent to plaintiff, are to be evaluated under the FDCPA by the objective standard of the hypothetical least sophisticated consumer.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

63. Plaintiff re-alleges paragraphs 1 to 62 as if fully re-stated herein.

64. Defendants owed a duty to plaintiff to effect their collection of her alleged debt with reasonable care.

65. Defendants breached their duty to collect plaintiff's debt with reasonable care.

66. In the exercise of reasonable care defendants ought to have ensured that they do not confuse plaintiff as to whether the account was accruing interest.

67. P&B Capital's letter confused plaintiff and the least sophisticated consumer as to whether the account was accruing interest.

68. On information and belief, P&B Capital obtains from Crown Asset tens, if not hundreds, of consumer accounts of New York residents each month, for the purpose of collection.

69. P&B Capital's letter is derived from a letter form.

70. P&B Capital's letter is derived from a letter template.

71. The letter's statement that "you may or may not have interest charges applied to this account" is a deceptive act and practice.

72. Said deceptive act and practice was committed by defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

73. Defendants' deceptive act and practice was consumer-oriented, in that said statement was not limited to the letter sent to plaintiff but, on information and belief, the statement was replicated in the letters sent to other consumers for debts which P&B Capital obtained from Crown Asset for collection.

74. The statement in collection letters to consumers that "you may or may not have interest charges applied to this account" has a broad impact on consumers at large whose accounts are obtained by P&B Capital from Crown Asset for the purpose of collection.

75. The statement in collection letters to consumers that "you may or may not have interest charges applied to this account" would influence consumers' response to the collection attempt.

76. The statement in collection letters to consumers that "you may or may not have interest charges applied to this account" would affect consumers' decision as to whether and how quickly to pay the debt.

77. The statement in collection letters to consumers that "you may or may not have interest charges applied to this account" leaves consumers uncertain as to whether interest was accruing on their debts.

78. Therefore, the statement that "you may or may not have interest charges applied to this account" was deceptive in a material way.

79. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

80. Upon receipt of the letter plaintiff felt confused and perplexed and did not know whether interest was accruing on the debt.

81. Defendants violated NYGBL § 349(a) by the statement that "you may or may not have interest charges applied to this account" and are liable to plaintiff under NYGBL § 349(h).

82. Crown Asset is vicariously liable for the violations of P&B Capital alleged herein.

83. Both defendants are jointly and severally liable to plaintiff for the violations alleged herein.

WHEREFORE, plaintiff respectfully prays that judgment be entered against each defendant as follows:

    (a)    awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

    (b)    awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

    (c)    awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

    (d)    enjoining defendants from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

    (e)    awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

    (f)    in the alternative to (e), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(h) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       March 10, 2017.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com